IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER M. TIDWELL                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 2:23-cv-00160 KS-MTP

OREGON TOOL, INC., ET AL.

                                       JURY TRIAL REQUESTED

## AMENDED COMPLAINT

COMES NOW the Plaintiff CHRISTOPHER M. TIDWELL, and no answer having been filed to the original Complaint, files this his First Amended Complaint to add Woods Equipment Company as a Defendant and for cause of action would show unto the Court the following facts, to-wit:

I.

The Plaintiff CHRISTOPHER M. TIDWELL is an adult, resident citizen of Lamar County, Mississippi.

II.

The Defendant WOODS EQUIPMENT COMPANY is a foreign corporation organized and existing under the laws of the State of Illinois with its mailing address as 2606 South Illinois Route 2, Oregon, IL 61061. Said Defendant has done business in this State and has performed a contract and committed a tort in part in this State as hereinafter alleged, and by the doing of such business and the performance of such contract and

commission of a tort, said Defendant has thereby been subjected to the jurisdiction of the Courts of this State in accordance with Miss. Code Ann. §13-3-57 (as amended).

III.

The Defendant OREGON TOOL, INC., formerly Blount International, Inc., and the parent company of Woods Equipment Company, is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal office located at 4909 S.E. International Way, Portland, OR 97222, but which is qualified to do and is doing business in the State of Mississippi, and has appointed and designated CORPORATION SERVICE COMPANY, 109 Executive Drive, Suite 3, Madison, MS 39110, as its registered agent for the service of legal process.

IV.

The Defendants ABC Corporations 1-3 and John Does 1-5 whose names are unknown to Plaintiff but which are obtainable through discovery, and at all times complained of herein, designed, manufactured, tested, promoted, distributed and/or sold the Woods Rotary Cutter which is the subject of this litigation.

V.

This Court has subject matter jurisdiction of this cause pursuant to the provisions of Miss. Code Annotated §9-7-81 (1972) in that the subject matter of this litigation is not made exclusively cognizable in some other court by the Constitution and laws of this State, and the principal amount in controversy exceeds the sum of Three Thousand Five Hundred and No/100 Dollars ($3,500.00).

- 3 -

VI.

On September 11, 2020, Plaintiff Christopher Tidwell was employed by and working for Watts Bros. Implement & Supply Co., in Columbia, Mississippi, as a mechanic. As a part of his duties, Plaintiff was delivering a Woods Rotary Cutter to a customer in Bassfield, Jefferson Davis County, Mississippi. The rotary cutter was a Woods RC5 Rotary Cutter which had been designed, manufactured, tested, promoted, distributed and sold by Defendants. While waiting for the customer to get his tractor to attach to the rotary cutter so it could be unloaded from the trailer, Plaintiff attempted to push the cutter back a few inches by hand. When he pushed on the third arm attachment area, the braces from the back of the cutter and the tractor attachment area flexed/closed on his hands crushing his fingers. There were no warning signs or stickers provided with or attached to the rotary cutter warning of the danger of these moving parts when manually handled. As a result of this incident, Plaintiff sustained painful, serious, permanent and disabling injuries.

VII.

At the time of the incident, Plaintiff was using the rotary cutter for the purpose and in the manner intended by and/or foreseeable to the Defendants.

VIII.

There had been no substantial change in the condition of the rotary cutter from the time of its sale and delivery to Watts Bros. Implement & Supply Co., until the time of Plaintiff's injury.

IX.

The rotary cutter which was being delivered by Plaintiff at the time of the subject incident was in a defective condition, unreasonably dangerous to Plaintiff.

X.

The defective condition of the rotary cutter was the direct and proximate cause of the injuries to the Plaintiff.

**COUNT ONE**

XI.

Plaintiff incorporates by reference all of the allegations of Paragraph I through VIII of the Complaint and further says at the time of the subject incident, Plaintiff was using the rotary cutter for a purpose and in a manner intended by and/or foreseeable to the Defendants. There had been no substantial change in the condition of the rotary cutter from the time of its sale to Plaintiff's employer and the time the rotary cutter crushed Plaintiff's hands.

XII.

The rotary cutter being delivered by the Plaintiff was in a faulty and defectively designed condition when it left the hands of the Defendants and the product remained unchanged up until the time of Plaintiff's injuries. The said defect rendered the rotary cutter unreasonably hazardous, dangerous and completely unsafe to ultimate consumers including Plaintiff and the Defendants are strictly liable for its action in placing on the market for sale to consumers said rotary cutter which was not reasonably safe for its intended and contemplated use. Said defective condition was unknown to Plaintiff.

## COUNT TWO

XIII.

Plaintiff incorporates herein by reference all of the allegations of Paragraphs I through X of the Complaint and further says that the Defendants knew or should have known that the rotary cutter would be placed in the stream of interstate commerce when it distributed the rotary cutter in Mississippi.

XIV.

The Defendant owed a duty to Plaintiff as a member of the consumer public to exercise reasonable care in the design, testing and manufacture of the rotary cutter. The Defendants breached the duty of reasonable care when it negligently designed, manufactured, tested and distributed the rotary cutter in a defective condition unreasonably dangerous to the consumer public.

XV.

The Defendants breached the duty owed to Plaintiff to reasonably design, manufacture, assemble, test and inspect the rotary cutter which was being delivered by Plaintiff.

## COUNT THREE

XVI.

Plaintiff incorporates herein by reference all of the allegations of Paragraphs I through XIV of the Complaint and further says that the Defendants owed a duty to Plaintiff as a member of the consumer public to adequately warn of the dangers of the defective condition of the rotary cutter.

XVII.

The Defendants knew or should have known of the defective conditions of the rotary cutter and the Defendants breached their duty owed to Plaintiff to adequately warn him of the defective condition.

XVIII.

The Defendants' failure to warn was willful, wanton and reckless for which Plaintiff should be compensated and for which punitive damages should be awarded.

**COUNT FOUR**

XIX.

Plaintiff incorporates herein by reference all of the allegations of Paragraphs I through XVIII of the Complaint and further says that the Defendants warranted to the general public that the rotary cutter was fit for its intended purpose.

XX.

The Defendants breached (1) their implied warranty of fitness for an intended use under Miss. Code Ann. § 75-2-315 (1972) and (2) their implied warranty of merchantability under Miss. Code Ann. § 75-2-314 (1972) when they placed the rotary cutter into the stream of commerce in a defective condition unreasonably dangerous to the consumer public and Plaintiff in particular.

XXI.

The rotary cutter placed in the stream of commerce by the Defendants was in an unfit condition and not safe for its intended purpose or use when it was distributed by the Defendants.

XXII.

Plaintiff relied to his detriment upon both the express and implied warranties of the Defendants that the rotary cutter was safe for its intended purpose and use.

XXIII.

The Defendants misrepresented to the consumer public of which Plaintiff was a member that the rotary cutter was reasonably safe for its intended purpose and use.

XXIV.

As a direct and proximate result of the Defendants' willful, wanton and reckless actions, Plaintiff has suffered mental and emotional distress and other incidental damages for which punitive damages should be awarded.

XXV.

That as a direct and proximate result of the negligence of the Defendants, the defective condition and design of the said rotary cutter, and the breaches of warranty of fitness and merchantability, and each of the aforesaid, Plaintiff suffered serious and permanent injuries for which he should be compensated.

XXVI.

Plaintiff alleges that the injuries and damages sustained by him as aforesaid, were the direct and proximate result of the aforesaid actions, negligence, defective condition and design, breaches of warranty, and each of them, by the said Defendants, without any negligence on the part of the Plaintiff contributing thereto.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the Defendants Woods Equipment Company; Oregon Tool, Inc.; ABC Corporations 1-3; and John Does 1-5, jointly and severally, as follows:

A. For an amount that will compensate the Plaintiff for all damages for the personal injuries and personal disability that he has sustained;

B. For an amount that will compensate the Plaintiff for all medical expenses he has incurred and will incur in the future;

C. For an amount that will compensate the Plaintiff for his past, present and future pain and suffering and hedonic damages;

D. For an amount that will compensate the Plaintiff for his past, present and future lost wages;

E. For punitive and exemplary damages in an amount to be determined by this Court to deter the Defendants from such conduct in the future and to serve as an example to others;

F. For interest, costs, and other expenses incurred by the Plaintiff, including, but not limited to, reasonable attorney's fees in bringing this action.

Plaintiff finally prays for trial by jury.

Respectfully submitted,

CHRISTOPHER M. TIDWELL, PLAINTIFF

By: _____
L. O'Neal Williams, Jr.
Of Counsel for Plaintiff

- 9 -

L. O'NEAL WILLIAMS, JR. (MSB #7248) -
    nealwilliams@wwmlawfirm.net
CORY M. WILLIAMS (MSB #102870)
    corywilliams@wwmlawfirm.net
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
140 MAYFAIR ROAD, SUITE 1100
HATTIESBURG, MS 39402
TELEPHONE: (601) 271-7943
FAX: (601) 271-7875
ATTORNEYS FOR PLAINTIFF