IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER M. TIDWELL**                                                                 **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 2:23-CV-00160 KS-MTP**

**OREGON TOOL, INC., WOODS**
**EQUIPMENT COMPANY, ABC**
**CORPORATIONS 1-3; AND**
**JOHN DOES 1-5**                                                                          **DEFENDANTS**

**ACCIDENT FUND INSURANCE COMPANY**
**OF AMERICA, INC.**                                                                        **INTERVENOR**

**MOTION FOR AUTHORITY TO SETTLE**
**PURSUANT TO MISS. CODE ANN. §71-3-71**

COMES NOW, the Plaintiff, Christopher M. Tidwell, through counsel and joined by Defendants Oregon Tool, Inc. and Woods Equipment Company along with Accident Fund Insurance Company of America, Inc., the workers' compensation insurer (hereinafter "Carrier") for Watts Bros. Implement and Supply Company ("Employer") and files this Motion for authority to settle pursuant to Miss. Code Ann.§ 71-3-71, saying in support as follows:

1. Plaintiff alleges that on or about September 11, 2020, Plaintiff was injured while in

the course and scope of his duties as an employee of Watts Bros. Implement & Supply Company ("Employer").  Plaintiff alleged in his Complaint and Amended Complaint that his injuries resulted from the failure to warn of a dangerous condition associated with the use of a Woods Rotary Cutter (as well as other legal theories, including but not limited to product liability) by the Defendants. Reference is made to those pleadings and discovery which are of record herein and are well-known to this Court.

2. Plaintiff has contended herein and represents that as a result of his September 11,

1

2020 work accident, he has sought recovery against the Defendants pursuant to legal theories as set forth in Plaintiff's Complaint, and the amendments thereto, and such claims are denied and disputed in their entirety by the Defendants. The extent of Plaintiff's entitlement, if any, as a result of the alleged accident, is not capable of exact determination.

3. At the time of the accident in question, Christopher Tidwell's employer, Watts Bros. Implement & Supply Company ("Employer"), had workers' compensation insurance coverage with Accident Fund Insurance Company of America, Inc. ("Carrier"). Said Carrier has paid to or on behalf of Plaintiff in this case, workers' compensation disability benefits arising out of his work-related injury in the amount of $2,223.89. Carrier has also paid medical expenses to or on behalf of Plaintiff in the amount of $12,690.55 as the result of the subject accident. Plaintiff settled his workers' compensation claim in the amount of $63,850.00 and such settlement was approved by the Mississippi Workers' Compensation Commission on October 5, 2022, being MWCC No. 2008156-R-5789-C. The total disability benefits, medical benefits and workers' compensation settlement paid to or on behalf of the Plaintiff is $78,764.44. Pursuant to Miss. Code Ann. § 71-3-71 (1972) and Federal Rules of Civil Procedure 24(a)(2) and/or Federal Rules of Civil Procedure 24(b)(1)(B), Carrier intervened in the above-captioned civil action on June 21, 2024 to recover its statutory lien of $78,764.44.

4. Negotiations have been had for a complete compromise and settlement of any and all claims against Defendants by Plaintiff and the statutory lien claim by the Intervenor for workers' compensation benefits paid to or on behalf of Plaintiff. The parties have reached a resolution in this case whereby Plaintiff's claims against Defendant's will be resolved for consideration, from which the Intervenor will be reimbursed in an amount as agreed.

5. Intervenor has agreed to waive entitlement to a portion of its statutorily prescribed subrogation lien from the total settlement proceeds paid by the Defendants to the Plaintiff in this third party action in full satisfaction of Accident Fund's lien, right of subrogation, reimbursement and exoneration that it may have against Plaintiff and Defendants, pursuant to Miss. Code Ann. §71-3-71..

6. Should this Court approve the third party settlement described herein, a certified copy of an order from this Court approving the third party settlement described herein will be filed with the Mississippi Workers' Compensation Commission.

7. Plaintiff represents that it would be in his best interest if the compromise settlement, as detailed herein and as presented to this Court, be approved and concluded, it being understood and provided that the consideration paid by Defendants to Plaintiff and the waiver of a portion of the lien by Intervenor effects a full and complete release and compromise settlement of any and all claims and demands whatsoever, on account of, or arising out of the Plaintiff's work related injury against the Defendants, Intervenor, and their agents, attorneys, servants, employees, insurers, predecessors, successors, subsidiaries, and any other parties in privity with them, such release and compromise settlement to include a release of all claims, past, present or future, and including claims for reimbursement or exoneration, as well as any other subrogation rights of Intervenor against the Defendants.

8. Neither the Defendants nor the Intervenor oppose this Motion.

WHEREFORE PREMISES CONSIDERED, Plaintiff therefore requests that he be authorized to fully compromise and settle and all claims against the Defendants herein; that Defendants and any and all parties in privity with them, upon approval of said settlement and payment by the Defendants of the agreed compromise settlement amount, be released and

discharged from any and all liability whatsoever to the Plaintiff arising out of or in any way connected with the injuries, claims and demands of Plaintiff alleged in Plaintiff's Complaint, and any amendments thereto; that the Defendants be authorized to pay the Intervenor the agreed sum which shall be deducted from the total settlement proceeds and that the Defendants and any and all parties in privity with them, upon approval of said settlement and payment described herein, be released and discharged from any and all liability whatsoever to the Intervenor arising out of or in any way connected with the statutory lien, claims and the demands of the Intervenor as set forth in the Complaint of Intervenor; and that likewise, the Intervenor, and all parties in privity with said Intervenor, be released from any and all liability whatsoever to Plaintiff under the terms of the Mississippi Workers' Compensation Act without any additional consideration; and that the Plaintiff be authorized to pay from said total settlement sum unto his attorneys, reasonable attorneys' fees and reimbursement of expenses for said firm's representation of Plaintiff in this action. Plaintiff requests that the remaining sum, after payment of reasonable attorneys' fees/expenses as the reasonable costs of collection and after payment of the Intervenor's lien as set forth herein, shall be distributed to Plaintiff in accordance with Miss. Code § 71-3-71.

  Respectfully submitted this the 5th day of December, 2024.

            Respectfully submitted,

            CHRISTOPHER M. TIDWELL

            By his attorney:

          BY: /s/ L. O'Neal Williams, Jr.
            L. O'NEAL WILLIAMS, JR.

L. O'Neal Williams, Jr. (MSB #7248)
Cory M. Williams (MSB #102870)
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

4

140 Mayfair Road, Suite 1100
Hattiesburg, Mississippi 39402
Tel: (601) 271-7943
Fax: (601) 271-7875
E-Mail: nealwilliams@wwmlawfirm.net
corywilliams@wwmlawfirm.net
*Attorneys for Christopher M. Tidwell*

## JOINDER

Defendants, along with Employer and Carrier, herein join in the request for relief submitted herein by Plaintiff:

/s/ Virginia S. Gautier
VIRGINIA S. GAUTIER (MSB #10334)
WISE CARTER CHILD AND CARRWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5540
Fax: (601) 968-5593
E-Mail: vsg@wisecarter.com
*Attorneys for Accident Fund Insurance Company of America, Inc.*


/s/ Robert M. Ronnlund
Robert M. Ronnlund (PVH)
David W. Proctor (MSB # 101825)
Dylan P. Angeline (PVH)
HALL BOOTH SMITH, P.C.
2001 Park Place North, Suite 870
Birmingham, Alabama 35203
Tel: (205) 533-9650
Fax : (205) 435-6510
E-Mail: rronnlund@hallboothsmith.com
dproctor@hallboothsmith.com
dangeline@hallboothsmith.com
*Attorneys for Oregon Tools, Inc. and Woods Equipment Company*